IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PERRY ALVIN DONES, JR., <br><br> Plaintiff, <br><br> v. <br><br> MARGARET WATSON, *et al.*, <br><br> Defendants. | Case No. 23-cv-00126-DKW-RT <br><br> **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, (2) DISMISSING CERTAIN CLAIMS, AND (3) DIRECTING SERVICE OF THE COMPLAINT**[1] |

On March 8, 2023, Plaintiff Perry Dones (Dones), proceeding pro se, filed a Complaint alleging civil rights violations against Defendants Margaret Watson, the Hawaiʻi Department of Human Services, Jazmin Dones (Jazmin), and Jeremy Chang. Dkt. No. 1. Dones has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

## I.   IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution,

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

*Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Dones has made the required showing under Section 1915(a). In the IFP Application, Dones states that he does not receive any gross pay or wages, but, in the past 12 months, he has received a total of approximately $514 in SNAP benefits and $388 in welfare assistance per month. Dkt. No. 2 at 1. Dones further states that he has $0 in a checking or savings account and has no other assets. In light of these figures, Dones' income falls below the poverty threshold identified by the U.S. Department of Health and Human Services' ("HHS") 2023 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Dones has insufficient assets to provide security for the $400 filing fee. As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II. Screening

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) (Section 1915(a)) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief

may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the Complaint, Dkt. No. 1, Dones alleges that Watson, Jazmin, and Chang conspired to remove Dones' son, referred to as RD in the Complaint, from his care by fabricating evidence that Dones was guilty of child abuse. *Id*. at 4-5. Dones further alleges that the Department of Human Services has an official or "de facto" policy of removing children from their families through "flawed" investigations. *Id*. at 4. Pursuant to 42 U.S.C. Section 1983 (Section 1983), Dones sues Watson in both her official and individual capacities, the Department of Human Services in its official capacity, and Jazmin and Chang in their individual capacities. *Id*. at 2-3.

At this initial stage of the proceedings, and without any responsive pleading from Defendants, the record is insufficient for the Court to address the substantive merit of the allegations of the Complaint for purposes of Section 1915(a). Procedurally, however, there is at least one flaw in the Complaint that cannot be remedied by amendment. Specifically, under Section 1983, Dones is not permitted to sue the State of Hawai'i or its officials acting in their official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Therefore, any claims against the Hawai'i Department of Human Services and Watson acting in her official capacity must be DISMISSED WITH PREJUDICE. At this initial stage of the proceedings, because Dones may sue a state official in her individual capacity, *see Hafer v. Melo*, 502 U.S. 21, 31 (1991) (holding that state officials "sued in their individual capacities[] are 'persons' within the meaning of § 1983"), and Dones alleges that Jazmin and Chang are not state officials, the Court allows those claims to proceed.

### III.  Service

Because Dones has been granted leave to proceed *in forma pauperis*, and because Defendants have yet to be served with the Complaint, the Court finds that service of the summons and Complaint is appropriate. To facilitate service, the Court ORDERS as follows:

1. For each of the three (3) remaining Defendants,[2] the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet;

---

[2] Specifically, Watson in her individual capacity, Jazmin Dones, and Chang.

and a copy of this Order.   The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Dones choose to use the U.S. Marshal to perform service of the summons and Complaint, he shall complete the forms as directed and, for *each* of the three (3) remaining Defendants, submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.   *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint.   For each Defendant, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver

of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Dones does not wish to use the U.S. Marshal for service, he may serve each of the three (3) remaining Defendants on his own, in compliance with Fed.R.Civ.P. 4.

7. Dones is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Dones must serve on Defendants or their attorneys a copy of all further documents he submits to the Court. The U.S. Marshal is not responsible for serving these documents on Dones' behalf. In addition, Dones shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Dones is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

Dated: March 20, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge